# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STROBERT TREE SERVICES, INC,            )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )
                                        )   C.A. No. N14C-09-081 CLS
KENNETH LILLY FASTENERS,                )
INC.,                                   )
                                        )
        Defendant.                      )
                                        )
                                        )

Date Submitted: July 19, 2018
Date Decided: October 16, 2018

On Defendant Kenneth Lilly Fastener's
Motion in Limine to Strike Plaintiff's Expert Report.
**Granted**.


George T. Lees,III, Esquire, Logan & Petrone, LLC, 100 West Commons Blvd., Suite 435, New Castle, Delaware, 19720.  Attorney for Plaintiff.

David Baumberger, Esquire, Chrissinger & Baumberger, 3 Mill Road, Suite 301, Wilmington, Delaware, 19806.  Attorney for Defendant.


**Scott, J.**

## Facts

Strobert Tree Services, Inc. ("Plaintiff") claims breach of contract, breach of express warranty, and breach of implied warranty of merchantability against Kenneth Lilly Fasteners, Inc. ("Defendant"). Plaintiff and Defendant entered into an agreement where the Defendant was to supply 1,000 locknuts and bolts to Plaintiff for use in Plaintiff's Peterson 6710B Grinder (hereinafter "grinder").

Plaintiff uses this stump grinder during land clearing operations. Plaintiff contends that due to the high temperatures generated by the grinder and severe vibrations, a lock nut and bolt system must be used as opposed to a normal nut and bolt system. Plaintiff purchased the nuts in batches of 1000 from Defendant in a prior exchange. Plaintiff claims that the 2013 batch is at issue in the case *sub judice.*

Plaintiff plead that the locknuts and bolts were repeatedly re-installed due to the locknuts continuously failing and shearing off of the old bolts. Plaintiff contacted Defendant regarding this failure. Subsequently Defendant sent out a representative to inspect the materials. Plaintiff alleges that the Defendant's representative determined that the locknuts were defective. Subsequently Defendant replaced the 1,000 locknuts and bolts at no charge. Defendant's personnel told Plaintiff that that they should not be using an impact wrench to install the nuts because this application method destroys the waxy lubricant on the nut.[1] Prior to this conversation the teeth

---

[1] *See* Dr. Pope's Expert Report, page 1.

on the grinder were installed using an air driven impact wrench. The fasteners allegedly always held and the teeth never detached from the drum when Plaintiff used this method.[2] Plaintiff's personnel subsequently installed all nuts on the teeth using a torque wrench, but the problem allegedly still existed.

Plaintiff had the mill drum assembly on the grinder removed and upon inspection Plaintiff alleges that the drum was damaged beyond repair. Mr. Strobert in his deposition stated that the 2013 batch was different than the previous batch purchased from Defendant. In the 2013 batch he "could actually see the metal from the nut just shearing off the threads." Plaintiff alleges that Defendant distributed defective locknuts and bolts ("2013 batch") to Plaintiff which resulted in damage to Plaintiff's Peterson 6710B Grinder. Plaintiff claims that it purchased a new mill drum rotor and expended $89, 481.15 in labor and materials to remove and replace the drum rotor.

## Dr. David Pope's Report

Plaintiff retained David P. Pope, Ph.D. as an expert witness. Dr. Pope opined that the failure of the locknuts and bolts resulted in irreparable damage to the drum on the grinder. The drum of the grinder is a large rotating device that is 46 ½ inches in diameter and 69 3/8 inches long. It weighs 16,000 pounds and has 24 replaceable grinding teeth. Each of these teeth are attached to the perimeter of the drum with

---

[2] *See* Dr. Pope's Expert Report, page 2.

3

7/8" diameter and 7" long grade 8 bolts with washers and grade C prevailing torque nuts. This drum rotates at 840 to 900 rpm and grinds large diameter logs. Dr. Pope opined that the drum was damaged when fasteners failed; releasing grinding teeth, which then damaged other parts of the drum.

Dr. Pope performed multiple tests on the batches provided by Plaintiff. His goal was to determine if an impact wrench destroyed the lubricant which damaged the threads. Only one unused nut from the 2013 batch was provided to Dr. Pope for testing. Dr. Pope did not test the one unused nut in the formulation of his report. Defendant states they are still in possession of the remainder of the 2013 batch, and have offered Plaintiff the opportunity to test the remaining pieces. Plaintiff however, has not done so.

**The Parties' Contentions Regarding the Motion in Limine**

Defendant filed a motion in limine to strike Plaintiff's Expert Report by Dr. Pope. Defendant argues that Dr. Pope's report is not relevant, reliable, and it would mislead the jury. Defendant argues that Dr. Pope's report is not relevant for a few reasons. First, Defendant contends that Dr. Pope's findings are not directly related to the damages alleged in the complaint. Second, Defendant alleges that the bolts Dr. Pope tested were plain finish bolts, while Plaintiff used plated parts. They argue that because Dr. Pope was unable to reproduce thread failures alleged by Plaintiff, and because he did not test the 2013 batch, his report is not relevant. Defendant also

argues that the report is unreliable because his conclusions are based on the 2013 batch even though he did not test the 2013 batch. Finally, Defendants argue that if the report is admitted it will confuse the jury due to Dr. Pope's expert status.

Plaintiff argues that Defendant's Motion is incorrect for two reasons. First, Plaintiff contends that Dr. Pope did in fact perform tests on the 2012 and the 2013 shipment in Test Series III. Plaintiff contends that the nuts performed as required in both batches. Plaintiff claims that Defendant did not request nor conduct a deposition of Dr. Pope, nor the inspection of materials tested by Dr. Pope. Plaintiff claims that this would have cured the error in Defendant's brief, and they would have noticed that the cap screws from 2013, as well as 2012, were tested without failure.

### Relevant Law

Expert opinion testimony is governed by Delaware Rule of Evidence 702 which states that:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[3]

---

[3] *Tumlinson v. Advanced Micro Devices, Inc.*, 2013 WL 7084888, at *2 (Del. Super. 2013), aff'd, 81 A.3d 1264 (Del. 2013)(citing D.R.E. 702).

The trial judge acts as a "gatekeeper" to determine "whether the proffered evidence is both relevant and reliable."[4] The relevancy prong requires that "the evidence relates to an issue and it will aid the fact finder."[5] For evidence to be reliable, the "testimony must be supported by appropriate validation—i.e., 'good grounds,' based on what is known."[6] An "inference or assertion must be derived by the scientific method."[7] The "nonexclusive criteria for determining reliability include: (1) whether the expert's theory has or can be tested; (2) whether the theory has been subject to peer review; (3) the known or potential error rate associated with the theory; and (4) the extent to which the theory has been generally accepted in the scientific community."[8]

## Analysis

Dr. Pope's report is not relevant. The relevancy prong requires that the evidence relates to an issue to aid the fact finder. However, Dr. Pope's report will not aid the fact finder. Dr. Pope did not perform a test related to the type of damage alleged in the Complaint. Rather, he tested the locknuts to see if damage from driving the nuts on the bolts from an impact or torque wrench would destroy the lubricant

---

[4] *Tumlinson*, 2013 WL 7084888 at *2 (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993)).
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

6

and damage the threads. Because he was unable to recreate the damage seen by the Plaintiff, Dr. Pope concluded that the damage was probably due to defective nuts in the 2013 batch. However, this conclusion is more speculative than scientific as Dr. Pope states none of his tests involved nuts from the 2013 batch alleged to be defective.[9]

Dr. Pope's conclusion, that the nuts failed because they were defective, is not based on his testing and observations. This conclusion fails to meet the first test for reliability that expert's theory has or can be tested. Defendant states the 2013 batch of nuts has been available to Plaintiff for further examination and testing. Dr. Pope completed no further testing on the remaining nuts. Dr. Pope cannot reach the conclusion that the batch of nuts is defective without having tested any of the batch. Admitting Dr. Pope's report could mislead the jury into believing that the 2013 batch was defective. The report will not be admitted.

For the forgoing reasons, Defendant's Motion in Limine to Strike Plaintiff's Expert Report is **GRANTED**.


**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**

---

[9] See Dr. Pope's Expert Report, page 5